Peter W. Billings, A0330
Gary E. Jubber, A1758
Douglas J. Payne, A4113
David N. Kelley, A9137
FABIAN & CLENDENIN,
 A Professional Corporation
Twelfth Floor
215 South State Street
P.O. Box 510210
Salt Lake City, Utah 84151
Telephone: (801) 531-8900

Attorneys for the Official Committee of Unsecured Creditors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>SIMON TRANSPORTATION SERVICES, INC., DICK SIMON TRUCKING, INC., and SIMON TERMINAL, LLC,<br><br>Debtors. | Bankruptcy Nos. 02-22906<br>02-22907<br>02-24874<br><br>(Chapter 11)<br><br>[SUBSTANTIVELY CONSOLIDATED]<br><br>Honorable Glen E. Clark |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>Plaintiff,<br><br>v.<br><br>SHERRY BOKOVOY,<br><br>Defendant. | COMPLAINT TO AVOID FRAUDULENT TRANSFERS<br><br>Adversary No. _____ |

The Official Committee of Unsecured Creditors (the "Committee") as the duly appointed

and qualified representative of the consolidated bankruptcy estate of Simon Transportation

302671_1

Services, Inc., Dick Simon Trucking, Inc., and Simon Terminal, LLC, (the "Consolidated Estate") hereby complains of Sherry Bokovoy (hereafter referred to as "Defendant") as follows:

## PARTIES

1. The Committee was appointed in the Dick Simon Trucking, Inc. bankruptcy case (Case No. 02-22907). Pursuant to the Second Amended Joint Plan of Liquidation confirmed by *Order Confirming Joint Plan of Liquidation,* dated March 11, 2003, the Committee was appointed as the representative of the Consolidated Estate pursuant to 11 U.S.C. § 1123(b)(3)(A) and (B).

2. On information and belief, Defendant is an individual who resides in Salt Lake City, Utah.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and parties to this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A), (H) and (O), 11 U.S.C. §§ 544(b), 548 and 550, F.R. Bankr. P. 7001 and DU Civ. R. 83-7.1(a).

4. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (H) and (O).

5. Venue is proper in this court pursuant to 28 U.S.C. § 1409.

## FACTUAL BACKGROUND

6. On February 25, 2002 (the "Petition Date"), Simon Transportation Services Inc. ("STS") and Dick Simon Trucking, Inc. ("DST") filed separate voluntary Petitions for Relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Utah ("Bankruptcy Court"), Case Nos. 02-22906 GEC and 02-22907 GEC, respectively.

Simon Terminal, LLC ("Simon Terminal") subsequently filed a voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code on March 26, 2002, Case No. 02-24874 GEC. The bankruptcy cases of STS, DST, and Simon Terminal (collectively referred to hereafter as the "Debtors") were jointly administered.

7. On March 11, 2003, the Bankruptcy Court executed its *Order Confirming Joint Plan of Liquidation*, pursuant to which all property of the Debtors' estates, including all Debtors' rights under Chapter 5 of the Bankruptcy Code, were vested in the Consolidated Estate under the exclusive control of the Committee.

8. The Committee was vested with all rights of a Chapter 11 trustee, including the right to avoid transfers and obligations pursuant to 11 U.S.C. §§ 547, 548 & 550.

## FIRST CLAIM FOR RELIEF
### (Fraudulent Transfer - 11 U.S.C. § 548(a)(1)(B))

9. The Committee incorporates and realleges the allegations of paragraphs 1 through 8 of this Complaint.

10. On information and belief, the Debtors entered into a contract with Defendant under which the Debtor agreed to pay Defendant for not to compete with the Debtor (the "Agreement").

11. The Debtors made certain transfers to the Defendant totaling $84,000 (collectively referred to herein after as the "Transfers") prior to the bankruptcy within one year prior to the Petition Date. (A summary of the Transfers from the Debtors to Defendant is attached hereto as Exhibit "A").

12. On information and belief, the Transfers were made on account of the Debtors' obligations under the Agreement.

13. On information and belief, the Debtors did not receive reasonably equivalent value in exchange for the Transfers.

14. The Debtors were insolvent at the time the Transfers were made.

15. The Transfers constituted transfers of the interest of the Debtors in property to Defendant.

16. The Committee is entitled to judgment against Defendant avoiding the Transfers as fraudulent transfers pursuant to 11 U.S.C. § 548(a).

17. The Committee is entitled to recover from Defendant prejudgment interest on the amount of the Transfers from the date of the filing of this adversary proceeding.

## SECOND CLAIM FOR RELIEF
### (Preferential Transfer - 11 U.S.C. § 547)

18. The Committee incorporates and realleges the allegations of paragraphs 1 through 17 of this Complaint.

19. Defendant was a creditor of the Debtors.

20. The Debtors made several of the Transfers within the ninety (90) day period prior to the Petition Date. (Those Transfers made within ninety (90) days prior to the Petition Date are hereinafter referred to as the "Preferential Transfers").

21. The amount of the Preferential Transfers totals $42,000.

22. The Preferential Transfers were made by the Debtors to or for the benefit of Defendant, a creditor.

23. The Preferential Transfers were made by the Debtors to Defendant for or on account of an antecedent debt owed by the Debtors before the Preferential Transfers were made.

24. The Preferential Transfers were made by to the Defendant while the Debtors were insolvent.

25. The Preferential Transfers were made on or within ninety (90) days before the Petition Date.

26. The Preferential Transfers made by the Debtors to the Defendant enabled the Defendant to receive more than the Defendant would receive if:

    a)     the case were a case under Chapter 7 of the Bankruptcy Code;

    b)     the Preferential Transfers had not been made; and

    c)     the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

27. The Preferential Transfers are avoidable by the Committee pursuant to 11 U.S.C. § 547 and the Defendant is liable to the Committee for the value of the Preferential Transfer pursuant to 11 U.S.C. § 550.

28. The Committee is entitled to recover interest from the Defendant on the Preferential Transfers from the date of the filing of this adversary proceeding.

### THIRD CLAIM FOR RELIEF
**(Transferee Liability - 11 U.S.C. § 550(a))**

29. The Committee incorporates and realleges the allegations of paragraphs 1 through 28 of this Complaint.

30. Defendant was the initial transferee of the foregoing Transfers.

31. The Committee is entitled to recover from Defendant the transferred property or the value of the transferred property pursuant to 11 U.S.C. § 550(a).

WHEREFORE, the Committee prays for the following relief:

302671_1

5

A. For entry of an order declaring that the Transfers to Defendant are avoided as fraudulent transfers pursuant to 11 U.S.C. § 548;

B. For entry of an order and judgment avoiding the Preferential Transfers pursuant to 11 U.S.C. § 547;

C. That pursuant to 11 U.S.C. § 550(a), the Committee is entitled to recover from Defendant, for the benefit of the estate, the amount of the Transfers avoided and is entitled to judgment against Defendant in said amount.

D. For such other and further relief as the Court deems just and equitable.

DATED this ____ day of February 2004.

/s/ David N. Kelley
Peter W. Billings
Gary E. Jubber
Douglas J. Payne
David N. Kelley
FABIAN & CLENDENIN,
 a Professional Corporation
Attorneys for the Official Committee of Unsecured Creditors

302671_1

6

# EXHIBIT "A"

302671_1

SIMON TRANSPORTATION SERVICES, INC.
DICK SIMON TRUCKING, INC.

| Name/Address | Payment Date | Check # | Payment Amount |
|---|---|---|---|
| SHERRY BOKOVOY 9586 South Equestrian Park Circle Sandy, Utah 84092 | 08/21/2001 | 272501 | $6,000.00 |
| | 09/04/2001 | 273884 | $6,000.00 |
| | 09/18/2001 | 274782 | $6,000.00 |
| | 10/02/2001 | 276158 | $6,000.00 |
| | 10/16/2001 | 277010 | $6,000.00 |
| | 10/30/2001 | 278446 | $6,000.00 |
| | 11/12/2001 | 279361 | $6,000.00 |
| | 11/27/2001 | 300719 | $6,000.00 |
| | 12/10/2001 | 301470 | $6,000.00 |
| | 12/26/2001 | 302299 | $6,000.00 |
| | 01/07/2002 | 302951 | $6,000.00 |
| | 01/22/2002 | 303959 | $6,000.00 |
| | 02/05/2002 | 304531 | $6,000.00 |
| | 02/19/2002 | 305420 | $6,000.00 |
| TOTAL PAID | | | $84,000.00 |